Filed 4/29/15  P. v. Shabazz CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSHUA SHABAZZ,<br><br>    Defendant and Appellant. | B259714<br><br>(Los Angeles County<br>Super. Ct. No. BA047906) |

APPEAL from an order of the Superior Court of Los Angeles County. Henry J. Hall, Judge.  Affirmed.

———

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———

In 1996, a jury convicted Joshua Shabazz of second degree murder with personal use of a firearm.  Shabazz appealed, and we affirmed the judgment of conviction.  (*People v. Shabazz* (Apr. 29, 1997, B101604 [nonpub. opn.].)  In August 2014, Shabazz filed a motion to vacate and set aside the judgment of conviction on the ground that, because the information had charged him with first degree murder, the jury could not lawfully convict him of second degree murder.  The trial court denied his motion, finding the motion untimely and his argument "legally incorrect."  Shabazz timely appealed.

We appointed counsel to represent Shabazz in the matter.  After examining the record, counsel filed a *Wende* brief raising no issues on appeal and requesting that we independently review the record.  (*People v. Wende* (1979) 25 Cal.3d 436.)  On January 22, 2015, we sent a letter to Shabazz and to counsel.  In the letter, we directed counsel to immediately send the record on this appeal and a copy of the *Wende* brief to Shabazz and informed Shabazz that he had 30 days to submit by letter or brief any ground of appeal, contention or argument he wished us to consider.  Shabazz filed a letter brief on February 3 and a supplemental letter brief on February 20.

According to Shabazz in both his letter brief and supplemental letter brief, the trial court erred by denying his motion to vacate because his motion was timely and the jury should not have been permitted to return a verdict of guilty of second degree murder when he had been charged with first degree murder.  Even if Shabazz's motion could be considered timely, his argument lacks merit.  Although he was charged with first degree murder, the trial court was required to instruct the jury on lesser included offenses, including second degree murder, if supported by the evidence:  "The California rule requiring sua sponte instructions on all lesser included offenses, insofar as supported by the evidence, . . . protects both the defendant and the prosecution against a verdict contrary to the evidence, regardless of the parties' own perceptions of their strongest lines of attack or defense.  The rule's purpose is not simply to guarantee *some* plausible third choice between conviction of the charged offense or acquittal, but to assure, in the interest of justice, the most accurate possible verdict encompassed by the charge and supported by the evidence."  (*People v. Breverman* (1998) 19 Cal.4th 142, 161,

fn. omitted.) "'[N]either the prosecution nor the defense should be allowed, based on their trial strategy, to preclude the jury from considering guilt of a lesser offense included in the crime charged.' [Citation.] Indeed, '"California decisions have held for decades that even absent a request, and *even over the parties' objections*, the trial court must instruct on a lesser offense necessarily included in the charged offense if there is substantial evidence the defendant is guilty only of the lesser. [Citations.]"' [Citation.]" (*People v. Prince* (2007) 40 Cal.4th 1179, 1265.) Based on this authority, the jury could lawfully convict Shabazz of second degree murder although the charge was for first degree murder.

We have reviewed the entire record on appeal, including the augmented material. We are satisfied that Shabazz's counsel has fully complied with his responsibilities and that no arguable appellate issue exists. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

## DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, P. J.

We concur:


CHANEY, J.


BENDIX, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, Assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.